UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE THIBODEAUX,<br><br>    Plaintiff,<br><br>    v.<br><br>TEAMSTERS LOCAL 853,<br><br>    Defendant. | Case No. 17-cv-00188-MEJ<br><br>**ORDER RE: PLAINTIFF'S MOTION TO REMAND**<br><br>Re: Dkt. No. 13 |

## INTRODUCTION

Pending before the Court is Plaintiff George Thibodeaux's Motion to Remand the action to Alameda Superior Court. *See* Mot., Dkt. No. 1. Defendant Bay Area Building Material Teamsters, Local 853 ("Defendant," "Local 853," or "Teamsters") filed an Opposition (Dkt. No. 14), and Plaintiff filed a Reply (Dkt. No. 15).

The Court previously found this matter suitable for decision without oral argument and vacated the hearing scheduled for March 2, 2017. *See* Dkt. No. 18. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **DENIES** the Motion.

## BACKGROUND

For twenty years, Plaintiff was employed as a commercial driver by Central Concrete Supply Co. and was a member of Local 853. Compl. ¶ 1, Dkt. No. 1, Ex. A. Central Concrete, Local 853, and Plaintiff are governed by the terms of a "written agreement" that prevents terminating an employee without just cause. *Id.* ¶¶ 10-11. Plaintiff alleges Central Concrete terminated him without just cause in 2013. *Id.* ¶ 14. Pursuant to the terms of the agreement, all disputes arising under the terms of the agreement "shall be resolved" through an escalating dispute resolution procedure. *Id.* ¶ 20. The first step of the dispute may be taken up with local

1  management at the discretion of the employee; however, any formal dispute shall be taken up by
2  the local union in the locality with the employer.  *Id*.  If the union and the employer are unable to
3  resolve the dispute, the second step requires the dispute to be referred to the Board of Adjustment.
4  *Id*.  If the Board of Adjustment fails to resolve the dispute, at the third step, the dispute "shall be
5  submitted to an impartial arbitrator upon the request of either party."  *Id.*  Plaintiff alleges he
6  requested Local 853 take up a formal dispute with his employer; Local 853 did so.  *Id.* ¶¶ 14-15.
7  When the dispute was not resolved, the Board of Adjustment conducted a hearing.  *Id.* ¶ 17.  After
8  the Board of Adjustment failed to resolve the dispute, Local 853 wrote Plaintiff and represented
9  that the "grievance was final and binding. . . .  The union has exhausted its defense of your
10 termination under the collective bargaining agreement."  *Id.* ¶¶ 17, 18.  After Plaintiff discovered
11 Local 853's statement was false, he requested Defendant submit his dispute to an impartial
12 arbitrator pursuant to the terms of the agreement.  *Id.* ¶¶ 18-19.  Plaintiff alleges Defendant did not
13 submit his dispute to an impartial arbitrator.  *Id.* ¶ 20.
14       Plaintiff filed a complaint in California Superior Court against Defendant Teamsters Local
15 853 alleging four state law claims for breach of contract, breach of the covenant of good faith and
16 fair dealing, intentional misrepresentation, and negligent misrepresentation.  *See* Compl.
17       Defendant removed the action to this Court.  Defendant asserts the Complaint alleges a
18 breach of the duty of fair representation, a claim that arises under the National Labor Relations
19 Act ("NLRA"), 29 U.S.C. § 151 et seq., a federal question that gives the Court subject matter
20 jurisdiction.  *See* Not. of Removal ¶ 3.

## LEGAL STANDARDS

22       Subject matter jurisdiction is fundamental and cannot be waived.  *Billingsley v. C.I.R.*, 868
23 F.2d 1081, 1085 (9th Cir. 1989).  Federal courts can adjudicate only those cases which the
24 Constitution and Congress authorize them to adjudicate, i.e., those involving diversity of
25 citizenship or a federal question, or those to which the United States is a party.  *Kokkonen v.*
26 *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also Chen-Cheng Wang ex rel.*
27 *United States v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992) (federal courts have no power to
28 consider claims for which they lack subject-matter jurisdiction).

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." However, the removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *see also Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). The burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). The district court must remand the case if it appears before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Abada v. Charles Schwab & Co.*, 300 F.3d 1112, 1117 n.2 (9th Cir. 2002).

Subject matter jurisdiction is determined from the face of the complaint. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question must be presented on face of plaintiff's properly pleaded complaint); *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) (existence of diversity jurisdiction must be sufficient on the face of the complaint). A federal defense or counterclaim is insufficient to confer subject matter jurisdiction and warrant removal to federal court. Nevertheless, the preemptive force of certain statutes "completely preempt[s]" an area of law. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). A claim that is based on preempted law is considered to arise under federal law, and thus may be removed to federal court. *See Balcorta v. 20th Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000).

## DISCUSSION

Defendant asserts federal question jurisdiction exists on two grounds. First, Defendant contends each claim relates to Local 853's duty of fair representation as the exclusive bargaining representative of its members, a duty that arises under the NLRA. Second, Defendant contends each claim will require the Court to analyze the terms of the collective bargaining agreement ("CBA") Plaintiff references in the Complaint, and thus is preempted by Section 301 of the Labor

3

Management Relations Act ("LMRA"). The Court addresses each argument in turn.

**A.    Duty of Fair Representation Under the NLRA**

In *Adkins v. Mireles*, the Ninth Circuit explained:

> The federal statutory duty which unions owe their members to represent them fairly also displaces state law that would impose duties upon unions by virtue of their status as the workers' exclusive collective bargaining representative. State law may "constitute an impermissible obstacle to the accomplishment of purposes of Congress by regulating conduct that federal law has chosen to leave unregulated." The doctrine of fair representation serves both as a limited check on the arbitrary exercise of union power and, through its limitations, allows unions wide latitude in effectively serving the interests of the bargaining unit. To bring a successful state law action, aggrieved workers must make a showing of additional duties, if they exist, beyond the normal incidents of the union-employee relationship. Such duties must derive from sources other than the union's status as its members' exclusive collective bargaining representative, such as an express provision of the collective bargaining agreement or a collateral contract.

526 F.3d 531, 539-40 (9th Cir. 2008) (internal citations omitted). Federal question jurisdiction exists when an employee alleges his union has failed to invoke the higher stages of his union's grievance procedure. *See Vaca v. Sipes*, 386 U.S. 171, 185-87 (1967). Concluding the district court correctly found federal law did not preempt the plaintiffs' breach of contract claim against their union, the *Adkins* Court reasoned the plaintiffs had not shown "for example, an express provision of the CBA or a collateral contract that imposed additional enforceable duties upon the Union." *Adkins*, 526 F.3d at 540. But Plaintiff does allege an express provision of the CBA as the basis for his breach of contract claim, namely, the requirement articulated in Section 20.1(3) to present his dispute to an impartial arbitrator at his request. As such, Plaintiff makes a showing of duties beyond the normal incidents of the union-employee relationship and *Adkins* does not appear to preempt his claim.

Plaintiff's misrepresentation claims appear to be subsumed by Local 853's duty of fair representation and thus to give rise to federal jurisdiction. *See Adkins*, 526 F.3d at 540-41 (affirming district court's conclusion that union's "alleged failure to accurately describe the provisions of the CBA did not violate a general duty of care and [if defendant] breached any duty at all, it was one grounded in their special status as union representatives.").

4

Because the Court concludes Section 301 provides a basis for federal jurisdiction in this matter, it does not further analyze the preemptive effect of the duty of fair representation here.

**B.     Section 301 of the LMRA**

1. Failure to Mention Section 301 in Notice of Removal

Plaintiff observes Defendant did not mention Section 301 preemption as a basis for federal jurisdiction in its Notice of Removal. *See* Reply at 3 n.1. Defendant only mentions the duty of fair representation under the NLRA as a basis for federal question jurisdiction. *See* Not. of Removal ¶ 3 ("This action . . . may be removed . . . pursuant to [28 U.S.C. § 1441(b)] in that the Complaint alleges a breach of the duty of fair representation, a claim that arises under the [NLRA], 29 U.S.C. Section 151, et seq."); *see also* Civ. Cover Sheet, Dkt. No. 1-1 (indicating cause of action is "29 U.S.C. Section 151 . . . Alleged breach of the duty of fair representation.").

In the supplemental brief the Court requested, Defendant argues it sufficiently invoked Section 301 as a ground for removal because that section is part of the LMRA. Sur-Reply at 2, Dkt. No. 17. In addition, Defendant asks for leave to amend the Notice of Removal pursuant to 28 U.S.C. § 1653. To the extent the Notice of Removal is defective for failure to specifically invoke Section 301, the Court finds this omission can be cured. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1381 (9th Cir. 1988) ("Section 1653 provides a remedy for defective *allegations* only; 'it does not provide a remedy for defective jurisdiction itself.'") (citing *Brennan v. Univ. of Kansas,* 451 F.2d 1287, 1289 (10th Cir.1971) (section 1653 empowers the courts to correct "defects of form, not substance") (footnote omitted)). Because the Notice of Removal invokes federal jurisdiction as a basis for removal, allowing Defendant to amend the Notice to refer to Section 301 preemption is the type of "clarification" contemplated by Section 1653. *Cf. Sonoma Falls Developers, LLC v. Nev. Gold & Casinos, Inc.*, 272 F. Supp. 2d 919, 926 (N.D. Cal. 2003) ("Because the notice of removal does not assert federal question subject matter jurisdiction under 28 U.S.C. § 1331, it is ineligible for amendment [to add federal jurisdiction] on the ground of clarification." (citing, among other authorities, 14A Wright, Miller & Cooper, *Federal Practice & Procedure* § 3733 at

358–61 (3d ed. 1998) ("The notice may be amended only to set out more specifically the grounds for removal that already have been stated, albeit imperfectly, in the original notice. Completely new grounds for removal may not be added and missing allegations may not be furnished.")). Defendant's request for leave to amend the Notice is granted. The Notice is deemed amended; Defendant need not refile the Notice.

### 2. Scope of Section 301 Preemption

Pursuant to Section 301 of the LMRA, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185(a). "[N]ot long after" the passage of Section 301, the Supreme Court held that Section 301 was not "simply jurisdictional[, but i]nstead, it should be understood . . . as a congressional mandate to the federal courts to fashion a body of federal common law to be used to address disputes arising out of labor contracts." *Kobold v. Good Sam. Reg'l Med. Ctr.*, 832 F.3d 1024, 1032 (9th Cir. 2016) (quotation marks and citation omitted). The Ninth Circuit explained:

> [T]his federal common law preempts the use of state contract law in CBA interpretation and enforcement. . . . In addition to promoting the development of a uniform federal labor law, § 301 preemption doctrine is designed in large part to assure that agreements to arbitrate grievances would be enforced, regardless of the vagaries of state law and lingering hostility toward extrajudicial dispute resolution. To give the policies that animate § 301 ... their proper range, the Supreme Court has expanded the pre-emptive effect of § 301 ... beyond suits alleging contract violations to state law claims grounded in the provisions of a CBA or requiring interpretation of a CBA.

*Id*. (internal quotation marks and citations omitted); *see also Caterpillar Inc.*, 482 U.S. at 394 (Section 301 not only preempts state law claims "founded directly on rights created by" a CBA, but also "claims substantially dependent on analysis of" a CBA.).

"The plaintiff's claim is the touchstone for this analysis; the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 691 (9th Cir. 2001) (en banc). A state law claim is "substantially dependent" on a CBA if it "cannot be resolved without interpreting the applicable CBA." *Id*. But the fact that a CBA will be "consulted in the course of state law litigation does not require preemption." *See id.* at 690-91; *see*

*also Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203 (9th Cir. 2007) ("A reference to or consideration of the terms of a collective bargaining agreement is not the equivalent of interpreting the meaning of the terms." (internal quotation marks and citation omitted)); *Kobold*, 832 F.3d at 1032 ("not every dispute concerning employment, or tangentially involving a provision of a [CBA], is preempted by § 301." (quotation omitted)).

Thus, the scope of Section 301 preemption is not all-encompassing. To determine whether Plaintiff's claims are preempted, the undersigned applies the two-step inquiry mandated by *Kobold*. First, the undersigned must determine whether the cause of action involves a right conferred upon Plaintiff by state law, not by the CBA. *Kobold*, 832 F.3d at 1032. If the right sought to be enforced "exists solely as a result of the CBA," the claim is preempted. *Id.* If the right exists independently of the CBA, the undersigned must determine whether the right is "substantially dependent" on analyzing the CBA. If so, the claim is preempted; if not, the claim can proceed under state law. *Id.*

3. <u>Analysis</u>

Plaintiff alleges the "tripartite" relationship between him, Local 853, and his employer is governed by the "Agreement." Compl. ¶ 10. He quotes Sections 19 and 20.1 of the Agreement in his Complaint and relies upon these two sections to assert each of his claims. *See* Compl. at ¶¶ 10-12, 22-26, 28-32, 34-35, 42-43. Each of his claims exists solely as a result of the Agreement, even if state law is used to enforce a particular theory of liability. The rights Plaintiff seeks to assert are "substantially dependent" on analyzing the Agreement. Plaintiff nevertheless argues his state law claims are not preempted by Section 301 because he does "not make reference to any [CBA] between the Teamsters and Plaintiff's employer. . . ." Reply at 4. While this statement is technically accurate, it is not persuasive.

First, Plaintiff quotes in his Complaint the October 16, 2013 response from Local 853 Vice President Bo Morgan, in which Morgan informs Plaintiff the "grievance was final and binding. . . . The union has exhausted its defense of your termination under the collective bargaining agreement." Compl. ¶¶ 18, 34, 42; *see also id.* ¶ 1 (the Teamsters failed to refer Plaintiff's dispute to an impartial arbitrator and "falsely represented to Thibodeaux that it had 'exhausted its defense

7

of [his] termination under the collective bargaining agreement.'"). In asserting his two misrepresentation claims, Plaintiff alleges Morgan's response was "false, as the Agreement required Defendants to submit the dispute regarding Thibodeaux's termination to an impartial arbitrator." *Id.* ¶¶ 35, 43. *See id.* To evaluate whether Morgan's response is false, a fact-finder necessarily must review the CBA Morgan referenced in the October 16, 2013 response. In other words, Plaintiff's misrepresentation claims cannot be resolved without interpreting the CBA.

Second, the fact Plaintiff carefully did not refer to the Agreement as a CBA by name does not change the Court's analysis. After Plaintiff moved to remand, Defendant moved to dismiss the action. *See* Dkt. No. 11. The Court stayed further briefing on the Motion to Dismiss until resolution of the Motion to Remand. *See* Dkt. No. 13. In support of Defendant's Motion to Dismiss, Bo Morgan attached to his declaration a true and correct copy of the "2008-2013 Agreement Between International Brotherhood of Teamsters Bay Area Building Material Teamsters Locals 287, 315, 853 and Aggregates and Concrete Association of Northern California, Inc." to which Plaintiff refers in the Complaint. Compl. ¶ 10; Morgan Decl., Ex. A, Dkt. No. 11-1. Morgan describes the document as a CBA. *See* Morgan Decl. ¶¶ 2-3. The Agreement, on its face, is indeed a CBA. *See id.*, Ex. A. Plaintiff's failure to directly describe the Agreement as a CBA appears to be a conscious attempt to artfully plead around the existence of the CBA. The Court may look beyond such artful pleading. *See Marcus v. UPS*, 2014 WL 3421552, at *3 (N.D. Cal. July 14, 2014) ("The CBA need not be directly mentioned in the complaint in order for any of it claims to be preempted by the LMRA. While Plaintiff suggests otherwise, the absence of reference to the CBA from the Complaint in this case, when two of its claims clearly assert the violation of a right created by that contract, merely illustrates the conscious attempt to artfully plead around it." (citing cases)); *Carlsen v. Stanford Univ.*, 2014 WL 899362, at *2-3 (N.D. Cal. Mar. 4, 2014) (finding removal proper under artful pleading doctrine where plaintiff "improperly omitted essential references to a [CBA] in her complaint" because such claims were preempted by federal law); *Andino v. Kaiser Found. Hosps.*, 2011 WL 5883975, at *2 (N.D. Cal. Nov. 23, 2011) ("Artful pleading exists where a plaintiff states an inherently federal claim in state-law terms.").

The Court finds Local 853 properly removed the action on the grounds that Plaintiff's

claims are founded on rights created by the CBA, or alternatively, substantially dependent on the CBA. Plaintiff alleges Local 853 failed to submit his dispute to an independent arbitrator as required by the CBA, thereby breaching the terms of the CBA and the implied covenant of good faith and fair dealing, and misrepresented the terms of the CBA in writing. As such, Local 853 "had a right to remove the action on the grounds of LMRA preemption." *Medina v. SEIU-United Healthcare Workers W.*, 2013 WL 3157923, at *3 (N.D. Cal. June 20, 2013); *see also Adkins*, 526 F.3d at 539.

## CONCLUSION

Plaintiff's Motion to Remand is **DENIED**.

The Court **ORDERS** Plaintiff to respond to Defendant's pending Motion to Dismiss by March 20, 2017, and Defendant to file any reply by March 27, 2017. The Court will advise the parties if it finds a hearing on the Motion to Dismiss is appropriate.

**IT IS SO ORDERED.**

Dated: March 6, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge