United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE THIBODEAUX<br><br>    Plaintiff,<br><br>v.<br><br>BAY AREA BUILDING MATERIAL TEAMSTERS, LOCAL 853,<br><br>    Defendant. | Case No. 17-cv-00188-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 11 |

## INTRODUCTION

Plaintiff George Thibodeaux brings this action alleging (1) breach of contract, (2) breach of implied covenant for good faith and fair dealing, (3) intentional misrepresentation, and (4) negligent misrepresentation. Pending before the Court is Defendant Bay Area Building Material Teamsters, Local 853's ("Defendant," "Local 853," or "Teamsters") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 11. Plaintiff filed an Opposition (Dkt. No. 20), and Defendant filed a Reply (Dkt. No. 28). The Court finds the matter suitable for disposition without a hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion for the reasons set forth below.

## BACKGROUND

For twenty years, Plaintiff was employed as a commercial driver by Central Concrete Supply Co. and was a member of Local 853. Compl. ¶ 1, Dkt. No. 1, Ex. A. Central Concrete, Local 853, and Plaintiff are governed by the terms of a "written agreement" that prevents terminating an employee without just cause. *Id.* ¶¶ 10-11. Plaintiff alleges Central Concrete terminated him without just cause in 2013. *Id.* ¶ 14. The agreement provides that all disputes

arising under the terms of the agreement "shall be resolved" through an escalating dispute resolution procedure. *Id.* ¶ 20. In the first step, the dispute may be taken up with local management at the discretion of the employee; however, any formal dispute shall be taken up by the local union in the locality with the employer. *Id.* If the union and the employer are unable to resolve the dispute, the second step requires the dispute to be referred to the Board of Adjustment. *Id.* If the Board of Adjustment fails to resolve the dispute, at the third step, the dispute "shall be submitted to an impartial arbitrator upon the request of either party." *Id.* Plaintiff alleges he requested Local 853 take up a formal dispute with his employer; Local 853 did so. *Id.* ¶¶ 14-15. When the dispute was not resolved, the Board of Adjustment conducted a hearing. *Id.* ¶ 17. After the Board of Adjustment failed to resolve the dispute, Local 853 wrote Plaintiff and represented that the "grievance was final and binding. . . . The union has exhausted its defense of your termination under the collective bargaining agreement ['CBA']." *Id.* ¶¶ 17, 18. After Plaintiff discovered Local 853's statement was false, he requested Defendant submit his dispute to an impartial arbitrator pursuant to the terms of the agreement. *Id.* ¶¶ 18-19. Plaintiff alleges Defendant did not submit his dispute to an impartial arbitrator. *Id.* ¶ 20.

Plaintiff initiated this action in California Superior Court against Local 853 alleging four state law claims: breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, and negligent misrepresentation. *See* Compl. Defendant removed the action to this Court, asserting the Complaint alleges a breach of the duty of fair representation, a claim that arises under the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq., a federal question that gives the Court subject matter jurisdiction. *See* Not. of Removal ¶ 3. The Court found Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), preempted Plaintiff's claims, and denied Plaintiff's motion to remand the action:

> The Court finds Local 853 properly removed the action on the grounds that Plaintiff's claims are founded on rights created by the CBA, or alternatively, substantially dependent on the CBA. Plaintiff alleges Local 853 failed to submit his dispute to an independent arbitrator as required by the CBA, thereby breaching the terms of the CBA and the implied covenant of good faith and fair dealing, and misrepresented the terms of the CBA in writing. As such, Local 853 "had a right to remove the action on the grounds of LMRA preemption." *Medina v. SEIU-United Healthcare*

2

*Workers W.*, 2013 WL 3157923, at *3 (N.D. Cal. June 20, 2013);
*see also Adkins [v. Mireles]*, 526 F.3d [531,] 539 [(9th Cir. 2008)].

Order Denying Mot. to Remand at 8-9 ("Remand Order"), Dkt. No. 19.

Defendant now asks the Court to dismiss the entire action on the ground Plaintiff's claims are barred by the applicable six-month statute of limitations. *See* Mot.

## LEGAL STANDARD

Under Rule 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must

be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "[D]etermining whether a complaint states a plausible claim [for relief] is [a] context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

### A. Arguments of the Parties

Defendant argues, and this Court has already found, that Section 301 of the LMRA preempts Plaintiff's state-law claims because each claim is substantially dependent on analyzing the CBA. *See* Mot. at 3-4; Remand Order at 8-9.[1] As such, Defendant argues Plaintiff's claims are time-barred under the applicable six-month statute of limitations the Court should borrow from the NLRA. *Id.* at 5; *see* 29 U.S.C. § 160(b).

Plaintiff argues his claims are timely because Section 301 borrows the most analogous statute of limitations from the forum state, which Plaintiff contends is California's four-year period for breach of contract claims. Opp'n at 2-3 (citing cases). Plaintiff contends his claims nevertheless are timely under the six-month NLRA statute of limitations because Defendant

---

[1] The Court found:

> Plaintiff alleges the "tripartite" relationship between him, Local 853, and his employer is governed by the "Agreement." Compl. ¶ 10. He quotes Sections 19 and 20.1 of the Agreement in his Complaint and relies upon these two sections to assert each of his claims. *See* Compl. at ¶¶ 10-12, 22-26, 28-32, 34-35, 42-43. Each of his claims exists solely as a result of the Agreement, even if state law is used to enforce a particular theory of liability. The rights Plaintiff seeks to assert are "substantially dependent" on analyzing the Agreement.

Remand Order at 7. The fact Plaintiff did not refer to the "Agreement" as a CBA did not change the Court's analysis. *Id.* at 8 ("Plaintiff's failure to directly describe the Agreement as a CBA appears to be a conscious attempt to artfully plead around the existence of the CBA. The Court may look beyond such artful pleading." (citing cases)).

4

fraudulently concealed his claims. *Id*. at 3-4.

**B.    Analysis**

      1.      <u>Applicable Statute of Limitations</u>[2]

The statute of limitations applicable to LMRA claims is determined by whether the claims are "straightforward" or "hybrid." A "straightforward" claim involves suing an employer for breaching a CBA. *See DelCostello v. Int'l Broth. of Teamsters et al.*, 462 U.S. 151, 162 (1983) (a union who sues an employer for breach of a CBA presents a "straightforward breach of contract suit under § 301" of the LMRA (discussing *Auto Workers v. Hoosier Corp.*, 383 U.S. 696 (1966)). A "hybrid" claim is comprised of two causes of action: one against the employer for breach of a CBA under the LMRA, and the other against the union for breach of its duty of fair representation under the NLRA. *See id.* at 164-65 ("The suit against the employer rests on [the LMRA], since the employee is alleging a breach of the [CBA]. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the [NLRA]."). It is not dispositive that Plaintiff chose to only name Local 853 as a Defendant and not his employer. *Id.* at 165 (an employee may "sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both."); *see also Conley v. Int'l Broth. of Elec. Workers, Local 639*, 810 F.2d 913, 915 (9th Cir. 1987) ("It is the federal or state nature of the issues to be decided, and not simply the identity of the parties, that controls the distinction between hybrid and straightforward cases.").

"Straightforward" Section 301 claims borrow the "most closely analogous statute of limitations under state law." *DelCostello*, 462 U.S. at 159-162 (discussing application of state contract statute of limitation to straightforward claim of breach of CBA by employer: "We relied heavily on the obvious and close analogy between this variety of § 301 suit and an ordinary breach

---

[2] "[A] defendant may . . . raise a motion to dismiss based on the [statute of limitations] defense if the running of the limitations period is apparent on the face of the complaint. *Jay v. Serv. Empls. Int'l Union-United Health Care Workers W.*, 203 F. Supp. 3d 1024, 1037 (N.D. Cal. 2016) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("If the running of a statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss")). Here, Defendant's statute of limitations argument is based on the face of the Complaint. *See* Mot. at 5 (referring to admission in Compl. ¶ 18).

5

of contract case. We expressly reserved the question whether we would apply state law to § 301 actions where the analogy was less direct or the relevant policy factors different[.]"). But "hybrid" claims alleging not only the breach of a CBA but also of the union's breach of its duty of fair representation "amount[ ] to a direct challenge to the private settlement of disputes under [the CBA] . . . [and have] no close analogy in ordinary state law." *Id.* at 164-65 (internal quotation marks and citations omitted). Instead of looking to state law, the Supreme Court held that the statute most analogous to hybrid claims is Section 10(b) of the NLRA, "a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here." *Id.* at 169; *id.* at 170 ("The NLRB has consistently held that all breaches of a union's duty of fair representation *are* in fact unfair labor practices. . . . Even if not all breaches of the duty are unfair labor practices, however, the family resemblance is undeniable, and indeed, there is a substantial overlap." (emphasis in original)); *see also Conley*, 810 F.3d at 915 (looking at "essence" of complaint: "[t]he case at hand poses the question of a union's duty to its members, and because of the close relation this bears to the federal policy of fair representation generally, it follows that the federal limitations statute [in Section 10(b)] applies . . . In this case, the analogy to an unfair labor practice is compelling."). Section 10(b) establishes a six-month statute of limitations. *See* 29 U.S.C. § 160(b) ("[N]o complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made[.]"); *see also Sullivan v. Aramark Unif. & Career Apparel, Inc.*, 2011 WL 5827220, at *2-3 & n.1 (N.D. Cal. Nov. 18, 2011) ("As the Supreme Court made clear, a 'hybrid' claim under § 301 of the LMRA is subject to a six-month statute of limitations." (citing *DelCostello*, 462 U.S. at 169)).

The Court finds the federal nature of the issues presented in this matter is properly characterized as a "hybrid" claim. A "hybrid" claim typically arises when a plaintiff alleges the union was unfair in its representation of the employee's interest. *See Conley*, 810 F.2d at 915 (where "the essence of [plaintiff's] complaint [was] that the union failed to act fairly on his behalf[,]" the claim was properly characterized as "hybrid"); *Mediran v. The Int'l Ass'n of Machinists & Aerospace Workers*, 2011 WL 2746601, at *3 (N.D. Cal. July 14, 2011) ("Hybrid §

6

301/fair representation claims typically arise where a union's handling of a grievance is alleged to be deficient." (citing *Galindo v. Stoody Co.*, 793 F.2d 1502, 1509 (9th Cir. 1986)). The essence of the Complaint is that Local 853 failed to act fairly on Plaintiff's behalf by, inter alia, (1) failing to present his dispute to an arbitrator as required by the CBA, and (2) misrepresenting to Plaintiff that it had exhausted the dispute-resolution process and that the Board's decision was final. *See* Compl.[3] This can be fairly characterized as a claim for breach of the duty of fair representation[4], as well as a claim for breach of the CBA—i.e., a classic "hybrid" claim under the authorities cited above. The six-month statute of limitation therefore applies to Plaintiff's claims.

2. Timeliness

"Courts have generally found that the claim accrues and the six-month statute of limitations starts to run when an employee 'discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation].'" *Eason v. Waste Mgmt. of Alameda Cty.*, 2007 WL 2255231, at *5 (N.D. Cal. Aug. 3, 2007) (quoting *Galindo*, 793 F.2d at 1509-10 (six-month statute of limitation for a "hybrid" claim accrued on or about the date plaintiff received a letter stating the union would no longer pursue the employee's grievance)). Where the dispute arises in the grievance procedure context, the claim typically accrues at the conclusion of the grievance proceedings; where the claim arises outside of that context, the claim accrues when the employee reasonably should have learned of the violation. *See id*. Moreover, "[u]nion members have a duty to become aware of the nature and availability of union remedies. . . . [and t]he union's failure to inform a union member of the existence of a union appeals process does not excuse the member's ignorance." *Evangelista v. Inlandboatmen's Union of the Pac.*, 777 F.2d 1390, 1397 (9th Cir. 1985) (citing cases); *Eason*, 2007 WL 2255231, at *7-8 (employees who are subject to CBAs are "charged with constructive knowledge of its terms"; that union never told employee of the CBA's terms, or that employee never read the CBA "is insufficient to

---

[3] A "hybrid" claim can be brought against a defendant "notwithstanding the outcome or finality of the grievance or arbitration proceeding." *Sullivan*, 2011 WL 5827220, at *2.

[4] *See also* Remand Order at 4 ("Plaintiff's misrepresentation claims appear to be subsumed by Local 853's duty of fair representation. . . .").

7

demonstrate that a reasonably diligent plaintiff would not have discovered [defendant's] failure to comply with the terms of the CBA." (citing cases)).

Based on the allegations of the Complaint, the six-month statute of limitations accrued on or about October 16, 2013, when Defendant notified Plaintiff "the grievance was final and binding. . . . The union has exhausted its defense of your termination under the [CBA]." Compl. ¶ 18; *see Galindo*, 793 F.2d at 1510. Moreover, Plaintiff had constructive knowledge of the terms of the, and as such, should have been aware a third step in the dispute resolution process remained after the Board of Adjustment hearing. Plaintiff nonetheless did not file his Complaint until December 27, 2016, well beyond the six-month statute of limitations.

3. <u>Equitable Tolling</u>

Plaintiff argues his Complaint is timely even under the six-month statute of limitations, because Defendant's fraudulent concealment tolled the statute of limitations. Opp'n at 4. Fraudulent concealment "halts the statute of limitations when there is active conduct by a defendant, above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (citing *Johnson v. Henderson*, 314 F.3d 409, 415 (9th Cir. 2002)). Tolling the statute of limitations on the basis of fraudulent concealment requires Plaintiff to establish: "(1) fraudulent concealment by the party raising the statute of limitations defense; [and] (2) the other party's failure to discover the facts that are the basis for a cause of action despite (3) the exercise of due diligence." *Eason*, 2007 WL 2255231, at *6 (citing *NLRB v. Don Burgess Const. Co*., 596 F.2d 378, 383 (9th Cir. 1979)). A plaintiff "must demonstrate that he relied on the defendant's misconduct in failing to file in a timely manner and must plead with particularity the facts which give rise to the claim of fraudulent concealment." *Guerrero*, 442 F.3d at 706-07 (internal quotation marks and citation omitted).

The only allegations in the Complaint that relate to fraudulent concealment are that: "Plaintiff did not discover that this statement [regarding exhaustion of the defense] was false until within three (3) years of the filing of this lawsuit" (Compl. ¶ 18); "Defendants' [sic] representation was false. . . . Defendants [sic] knew that the representation was false when it was made" (*id*. ¶¶

8

35-36, *see also id.* ¶¶ 43-44); and Plaintiff reasonably relied on the representation (*id.* ¶¶ 38, 46). The conclusory allegations are insufficient to plead fraudulent concealment. *See Guerrero*, 442 F.3d at 706-7 (plaintiff must plead facts giving rise to fraudulent concealment with particularity); *see also Smith v. Norcal Waste Sys. of San Jose, Inc.*, 2006 WL 581041, at *4 (N.D. Cal. March 7, 2006) ("conclusory statements of fraudulent concealment and lack of actual or constructive knowledge of the facts giving rise to their cause of action" come "woefully short" of standard for pleading equitable tolling). Plaintiff fails to allege facts from which a reasonable inference could be plausibly drawn that Defendant's conduct was "above and beyond" the alleged wrongdoing, or that Plaintiff exercised due diligence to discover the facts underlying this action.

## CONCLUSION

Based on the face of the Complaint, Plaintiff's claims are preempted under Section 301 of the LMRA and are time-barred under the six-month statute of limitations applicable to hybrid Section 301 claims. Because Plaintiff has not stated a claim upon which relief may be granted. Defendant's Motion is therefore **GRANTED**.

It is unclear whether Plaintiff can allege additional facts to show the statute of limitations was tolled due to Defendant's fraudulent concealment. The Court gives Plaintiff leave to amend to allege such facts. If Plaintiff amends, he also must properly amend the complaint to state a claim under federal law rather than reasserting the state law claims this Court has found are preempted.[5] Any amended complaint must be filed by May 18, 2017.

**IT IS SO ORDERED.**

Dated: April 26, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

[5] *See Carr v. Allied Waste Sys. of Alameda Cty.*, 2010 WL 4916433, at *18 (N.D. Cal. Nov. 23, 2010) ("[T]he fact that the state law claims are preempted does not mean that plaintiff has no claim—it simply means that he must amend the complaint to state a claim under federal law.") The Court will dismiss Plaintiff's state-law claims if he re-pleads them. *See Sullivan*, 2011 WL 5827220 at *3 (dismissing breach of contract and breach of duty of fair representation claims as preempted, after plaintiff had failed to follow court's order to re-characterize these as "a 'hybrid' claim under § 301 of the LMRA.")

9