UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE THIBODEAUX,<br>Plaintiff,<br>v.<br>TEAMSTERS LOCAL 853,<br>Defendant. | Case No. 17-cv-00188-MEJ<br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 33 |

## INTRODUCTION

Pending before the Court is Defendant Teamsters Local 853's ("Defendant" or "Local 853") Motion to Dismiss Plaintiff George Thibodeaux's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Dkt. No. 33. Plaintiff filed an Opposition (Dkt. No. 35) and Defendant filed a Reply (Dkt. No. 36). The Court finds this matter suitable for disposition without oral argument and **VACATES** the June 29, 2017 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion for the following reasons.

## BACKGROUND

### A. Allegations of the FAC

For almost twenty years, Plaintiff was employed as a commercial driver of a cement mixer truck by Central Concrete Supply Co. and was a member of Local 853. FAC ¶¶ 1, 8-9, Dkt. No. 32. On March 7, 2013, Plaintiff was operating a cement mixer that experienced a drum control problem, which caused a concrete spill. *Id.* ¶ 14. On March 19, 2013, Central Concrete sent Plaintiff a letter terminating his employment "effective today . . . based on your unacceptable

behavior relative to your most current concrete spill on March 7, 2013." *Id.* ¶ 13. Plaintiff alleges Central Concrete terminated him without just cause. *Id.* ¶ 14.

Central Concrete, Local 853, and Plaintiff are governed by a collective bargaining agreement ("CBA") that prevents an employer from terminating an employee without just cause. *Id.* ¶¶ 10-11. The agreement provides that all disputes arising under the terms of the agreement "shall be resolved" through an escalating dispute resolution procedure. *Id.* ¶ 12. In the first step, the dispute may be taken up with local management at the employee's discretion; however, the local union shall take up any formal dispute in the locality with the employer. *Id.* If the union and the employer are unable to resolve the dispute, the second step requires the dispute to be referred to the Board of Adjustment. *Id.* If the Board of Adjustment fails to resolve the dispute, at the third step, the dispute "shall be submitted to an impartial arbitrator upon the request of either party." *Id.*

Plaintiff alleges he requested Local 853 thoroughly investigate the drum control problem, but that Local 853 failed to do so; in particular, Local 853 failed to interview the mechanic responsible for the truck mixer and did not obtain pertinent maintenance records. *Id.* ¶¶ 16-17. Plaintiff also requested Local 853 take up a formal dispute with his employer; Local 853 did so. *Id.* ¶¶ 15, 18. When the dispute was not resolved, the Board of Adjustment conducted a hearing on May 23, 2013. *Id.* ¶¶ 18-19. Plaintiff alleges that, at the hearing, Local 853 did not adequately present the factual circumstances supporting his grievance "and instead made perfunctory arguments to the effect that Thibodeaux was a team player and wanted to work with Central Concrete." *Id.* ¶ 19. During the May 23, 2013 meeting, Dan Varela—Local 853's business agent—acted as Chairman of the Board of Adjustment. *Id.* ¶ 23. Varela seconded the motion to deny Plaintiff's grievance. *Id.* ¶ 20. Plaintiff did not discover that Varela denied his grievance until March 23, 2017, when he received the meeting minutes for the May 23, 2013 meeting. *Id.*

**B.     Procedural Background**

On December 27, 2016, Plaintiff initiated this action in California Superior Court against Local 853 alleging four state law claims: breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, and negligent misrepresentation. *See* Compl., Dkt.

2

1  No. 1. Defendant removed the action to this Court, asserting the Complaint alleged a breach of the
2  duty of fair representation, a claim that arises under the National Labor Relations Act ("NLRA"),
3  29 U.S.C. § 151 et seq., a federal question that gives the Court subject matter jurisdiction. *See*
4  Not. of Removal ¶ 3, Dkt. No. 1. In denying Plaintiff's motion to remand the action, the Court
5  found Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a),
6  preempted Plaintiff's claims. *See* Order re: Mot. to Remand, Dkt. No. 19.

Defendant moved to dismiss the action on the ground it was barred by the statute of limitations. *See* Mot. to Dismiss, Dkt. No. 11. The Court found that Plaintiff's claims could "be fairly characterized" as a "hybrid" claim, to which a six-month statute of limitations applied. Order Dismissing Compl. at 6-7, Dkt. No. 31. The Court further found the statute of limitations started to run on or about October 16, 2013, when Defendant notified Plaintiff "the grievance was final and binding . . . . The union has exhausted its defense of your termination under the [CBA]." *Id*. at 8.[1] The Court thus granted the Motion to Dismiss, but gave Plaintiff leave to amend to allege additional facts to show the statute of limitations was tolled due to Defendant's fraudulent conduct. *Id*. at 9. Plaintiff timely filed the FAC, which asserts a single claim for breach of the duty of fair representation based on Local 853's failure to serve his interests by (1) failing to investigate the drum problem; (2) failing to adequately present the factual circumstances to the Board of Adjustment; (3) concealing from Plaintiff that Varela had denied his grievance; and (4) failing to notify Plaintiff it had not presented his grievance to an impartial arbitrator.

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough

---

[1] In the original complaint, Plaintiff alleged that Bo Morgan represented to Plaintiff in writing on October 16, 2013 that the "grievance was final and binding. . . The union has exhausted its defense of your termination under the [CBA]." Compl. ¶ 18; *see also id*. ¶ 42.

3

1  facts to state a claim for relief that is plausible on its face. *Id.* at 570. "A claim has facial

2  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

3  inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

4  678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

5  more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550

6  U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

7  detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

8  relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

9  cause of action will not do. Factual allegations must be enough to raise a right to relief above the

10  speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

The parties agree that Plaintiff's single claim is subject to a six-month statute of limitations. *See* Mot. at 7 (citing *Del Costello v. Teamsters*, 462 U.S. 151, 169-70 (1983) (adopting six-month statute of limitation for breach of union's duty of fair representation)); Opp'n

at 5; *see also* Order Dismissing Compl. at 5-7 (analyzing applicable statute of limitations). Defendant argues the claim is barred because it accrued at the latest on May 23, 2013, when the Board of Adjustment denied Plaintiff's grievance. Mot. at 7 (citing *Price v. S. Pac. Transp. Co.*, 586 F.2d 750, 754 (9th Cir. 1978) (claim against union for breach of duty of fair representation accrues when employer denies request for reinstatement), *disapproved on other grounds*, *Del Costello*, 462 U.S. at 65-71). Plaintiff argues Local 853's fraudulent concealment tolls the statute of limitations, and that his claim is therefore timely because he did not discover the facts giving rise to it until March 2017. Opp'n at 5. He contends the FAC adequately pleads a basis for fraudulent concealment by alleging that (1) Local 853 concealed the material fact that Varela resolved the dispute adversely to Plaintiff; (2) Plaintiff did not discover this fact until March 23, 2017 when he received the May 2013 meeting minutes; and (3) he acted diligently by filing the FAC shortly after learning the true facts. *Id.* (citing FAC ¶¶ 22-23, 26).

**A.     Fraudulent Concealment**

1.     Incorporation by Reference

The FAC references the May 2013 Meeting Minutes and the CBA; both Plaintiff's substantive claim and his fraudulent concealment theory necessarily rely upon these documents. *See* FAC ¶¶ 10-12, 20-23. Although neither of these documents is attached to the FAC, the Court may consider both the CBA and the May 2013 Meeting Minutes in connection with the Motion to Dismiss. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) ("[A] district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies") (citing *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)), *superseded on other grounds by statute*; *see id.* at 706 n.4. Defendant filed the CBA in connection with its Motion to Dismiss the Complaint, and filed the May 23, 2013 Meeting Minutes in support of its Reply to this Motion. *See* First Morgan Decl., Ex. A (CBA), Dkt. No. 11-1; Second Morgan Decl., Ex. A, Dkt. No. 36-1 (Meeting Minutes). Both documents were attached to declarations filed by Bo Morgan, who authenticated the documents and laid foundation for them based on his personal knowledge as (former) Vice President of Local 853. *See* First Morgan Decl. ¶¶ 1-3; Second Morgan Decl. ¶¶ 1-3. Plaintiff did not object to the CBA

5

when Local 853 first introduced it; he also has not objected to the Meeting Minutes. *See* Civ. L.R. 7-3(d)(1) (objection to reply evidence must be filed within 7 days after reply is filed).

In deciding this Motion to Dismiss, the Court "need not . . . accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the [C]ourt required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citing *Sprewell v. Golden State Warriors*, 266 F.3d 1061, 1065 (9th Cir. 2008)).

2. <u>Analysis</u>

Plaintiff bears "the burden of pleading and proving fraudulent concealment; [he] must plead facts showing that [the defendant] affirmatively misled [him], and that [he] had neither actual nor constructive knowledge of the facts giving rise to [his] claim despite [his] diligence in trying to uncover those facts." *Hexcel Corp. v. Ineos Polymers, Inc.*, 681 F.3d 1055, 1060 (9th Cir. 2012); *Conmar Corp. v. Mitsui & Co.*, 858 F.2d 499, 505 (9th Cir. 1988) ("A plaintiff alleging fraudulent concealment must establish that its failure to have notice of its claim was the result of affirmative conduct by the defendant. . . . Passive concealment of information is not enough to toll the statute of limitations unless the defendant had a fiduciary duty to disclose the information to the plaintiff."). Although not specifically pleaded, the Court assumes without deciding that Local 853's duty of fair representation imposed on Local 853 the same duty to disclose owed by a fiduciary. *See Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 74 (1991). Accordingly, Plaintiff need not plead affirmative acts to mislead; he nevertheless must plead allegations of fraudulent concealment with particularity, including facts showing his lack of constructive knowledge and his diligence. *Conmar*, 858 F.2d at 502, 505; *see also* Fed. R. Civ. P. 9(b) (plaintiff alleging fraud must state with particularity circumstances constituting fraud).

As an initial matter, the FAC does not plead fraudulent concealment with respect to most of the theories Plaintiff articulates to support his claim for breach of the duty of fair representation. The FAC conclusorily alleges Local 853 "concealed" the May 2013 Meeting Minutes from him, did not adequately investigate the incident, and did not adequately present his case to the Board. *See* FAC ¶¶ 16-17, 19, 21. These allegations do not meet the particularity standard of Rule 9(b).

6

*See Conmar*, 858 F.2d at 505; *see also Ryan v. Microsoft Corp.*, 147 F. Supp. 3d 868, 886 (N.D. Cal. 2015) (plaintiff seeking to allege fraudulent concealment must satisfy Rule 9(b) heightened pleading requirements). The FAC contains no allegations showing that Local 853 misled Plaintiff in any manner with respect to its investigation of the cement spill or its presentation of evidence to the Board, or concealed related material facts from Plaintiff. Moreover, the FAC contains no allegations showing that Plaintiff lacked actual or constructive knowledge of Local 853's actions in connection with its investigation or presentation to the Board. In fact, such allegations would not be plausible given that the May 2013 Meeting Minutes reflect that Plaintiff actually was present at the Board of Adjustment meeting, presented his perception of the accident, and answered the Board's questions. *See* Meeting Minutes at 3-4. The Meeting Minutes reflect that the Board discussed Central Concrete's investigation of the truck's mechanical issues, including the mechanic's evaluation of the cement truck and interviews of other drivers and Plaintiff, which Local 853 attended. *Id.* at 2-3. The Minutes reflect Varela asked Plaintiff "if everything that he had wanted to be presented had been presented by the Union, and [Plaintiff] answered yes and acknowledged that the Union did all that they could." *Id.* at 4.

Plaintiff also fails to plead facts sufficient to show he did not have constructive knowledge of, and that he did act diligently to uncover, the facts giving rise to his claim. The FAC alleges no facts showing how, in light of Plaintiff's presence at the May 2013 Board Meeting, he acted diligently in confirming the Union had fully investigated the accident or adequately presented his claims to the Board, learning the outcome of the Board Meeting and the reasons for the denial of his grievance, or confirming Local 853 would proceed according to his understanding of the grievance procedure and present his claim to an arbitrator. For example, the FAC does not allege Plaintiff requested and was refused the May 2013 Meeting Minutes, or asked Local 853 and Local 853 lied about the outcome of his grievance.[2] Simply put, the Meeting Minutes demonstrate that no later than May 2013, Plaintiff was constructively aware of the conduct he now contends violated Local 853's duty of fair representation, and failed to investigate the facts that he now

---

[2] Moreover, Plaintiff alleged in his original complaint that he was informed the denial of his grievance was final no later than October 16, 2013. *See* n.1, supra.

7

alleges constitute a breach of Local 853's duty of fair representation. Not only does Plaintiff fail to plead facts sufficient to show he lacked constructive knowledge of the facts giving rise to his claim, but the May 2013 Meeting Minutes render the FAC's conclusory allegations implausible.

Second, the May 2013 Meeting Minutes render implausible Plaintiff's argument that he first learned Local 853 breached its duty when he received the minutes in 2017 and saw that Varela seconded the motion to deny his grievance. FAC ¶ 20. While the FAC pleads the allegation pertaining to Varela with more particularity, the Meeting Minutes do not show that Varela seconded the motion to deny Plaintiff's grievance or played any role in the decision to deny his grievance. *See* Meeting Minutes. The CBA explains that the Board of Adjustment "shall be composed of two (2) members named by the Union and two (2) members named by the Employer." *See* CBA ¶ 20.7. The May 2013 Meeting Minutes indicate Bo Morgan stepped down as Chairman for Plaintiff's case, and that Varela filled in in his stead; however, the four members of Plaintiff's Panel consisted of Mark Villa and Kim Williams for the Employer, and Bill Hoyt and Jim Sveum for Local 853. *See* Meeting Minutes at 1-2. The May 2013 Meeting Minutes do not reflect in any way that Varela made, seconded, or carried to deny Plaintiff's grievance. *See* Meeting Minutes. Plaintiff's allegation that the Minutes show Varela denied his grievance is contradicted by the Meeting Minutes themselves. The FAC does not allege facts other than Plaintiff's erroneous description of the May 2013 Meeting Minutes to support the claim that Varela had any part in the decision to deny Plaintiff's grievance. Plaintiff's allegation that Varela played such a role is an unwarranted deduction of fact or an unreasonable inference, and does not state a claim.

Third, the May 2013 Meeting Minutes and CBA render implausible Plaintiff's allegation that the Board had any duty to present his grievance to an impartial arbitrator, and thus had any duty to notify him that it had not submitted his grievance to an arbitrator. *See* FAC ¶ 21. The May 2013 Meeting Minutes reflect that Plaintiff's grievance was resolved in an executive session. Meeting Minutes at 4 ("A motion was made, seconded, and carried to deny the grievance."). The CBA contains no provision for submitting a *resolved* dispute to an impartial arbitrator; it only provides that "[i]f the Board of Adjustment *fails to resolve the dispute*, it shall be submitted to an

8

impartial arbitrator upon the request of either party." CBA ¶ 20.1(3) (emphasis added). The FAC does not allege the Board failed to resolve the dispute; on the contrary, it alleges a "motion was made, seconded . . . and carried to deny" Plaintiff's grievance at that meeting. FAC ¶ 20. In light of the CBA and the May 2013 Meeting Minutes, the FAC does not plead facts sufficient to show that Local 853 had a duty to inform Plaintiff that it would not submit his resolved grievance to an impartial arbitrator, or breached its duty to Plaintiff by failing to submit his dispute to an arbitrator.

Plaintiff's argument that it is "'inappropriate to resolve the fact-intensive allegations of fraudulent concealment at the motion to dismiss stage'" (Opp'n at 5 (quoting *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d 1175, 1194 (N.D. Cal. 2015))) is not well taken. Plaintiff's truncated quotation distorts the meaning of the original: "[A]llegations of fraudulent concealment must be pled with particularity. . . . However, 'it is generally inappropriate to resolve the fact-intensive allegations of fraudulent concealment at the motion to dismiss stage, particularly when the proof relating to the extent of the fraudulent concealment is alleged to be largely in the hands of the alleged conspirators.'" *In re Animation Workers Antitrust Litig.*, 123 F. Supp. 3d at 1194 (quoting *In re Rubber Chemicals Antitrust Litig.*, 504 F. Supp. 2d 777, 789 (N.D. Cal. 2007)); *see also Ryan*, 147 F. Supp. 3d at 885 ("Plaintiffs nevertheless must allege specific factual allegations of fraudulent concealment to survive a motion to dismiss."). As discussed above, the Court is not faced with fact-intensive allegations of fraudulent concealment, but with a few conclusory allegations that are not pleaded with particularity and/or that contradict documents Plaintiff has incorporated by reference in the FAC. Moreover, Plaintiff neither alleges nor argues that proof relating to the fraudulent concealment is in Local 853's possession.

Plaintiff attempts to state a claim with conclusions, unwarranted deductions of facts, unreasonable inferences, and allegations that are contradicted by documents he has incorporated by reference into the FAC. The Court accordingly finds that Plaintiff's claim for breach of the duty of fair representation accrued on May 23, 2013 when the Board denied his grievance, and that

the statute of limitations was not tolled.³ As such, his claim is untimely under the applicable six-month statute of limitations.

**B.     Leave to Amend**

Despite having been granted leave to amend specifically to allege grounds for fraudulent concealment (Order Dismissing Compl. at 9), Plaintiff added only conclusory allegations that are insufficient to show that Defendant concealed any material facts, or that he lacked constructive knowledge of, and was diligent in finding out, the bases for his claim. Furthermore, the documents that Plaintiff relies upon to state his claim render even the limited factual allegations in the FAC implausible. Finally, Plaintiff does not ask for leave to amend once more should the Court find his allegations insufficient, and makes no showing he can allege additional facts should the Court grant him leave to amend. The Court accordingly concludes that granting Plaintiff leave to amend would be futile.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss the FAC, without leave to amend. Because the Court dismisses Plaintiff's claim on statute of limitations grounds, it does not address Defendant's argument that Local 853 cannot be liable for the Board's decision. *See* Mot. at 8. The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: June 26, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge

---

³ Plaintiff attempts to distinguish *Price*, 586 F.2d at 754 (breach of duty of fair representation claim accrues when decision not to reinstate employee is made) on the ground that "in stark contrast, the Teamsters concealed from [Plaintiff] that [their] own Business Agent had decided [Plaintiff's] grievance adversely to him." Opp'n at 6. But as discussed above, this distinction is not supported by the allegations of the FAC nor by the May 2013 Meeting Minutes.

10